**FOX INDUSTRIES, INC., Plaintiff,**

v.

**Leonid GUROVICH, a/k/a Leo Gore, et al., Defendants.**

No. CV–03–5166.

United States District Court, E.D. New York.

May 26, 2004.

Michael A. Saffer, Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, PC, West Orange, NJ, for Plaintiff.

Barry Black, Schwarz & Black LLP, New York, NY, for Defendants.

### MEMORANDUM AND ORDER

PLATT, District Judge.

This Court issued a Memorandum and Order on April 28, 2004 which adjudged Defendant Leonid Gurovich, also known as Leo Gore, to have been shown by clear and convincing evidence to be in contempt of clear and unambiguous Orders of this Court of October 15 and 23 and November 20, 2003, Orders with which Gore was personally served. And, while not specifically

addressed in the April 28th contempt Order, which discussed the violation of the October and November Orders, the Court observes that Gore remains in notorious contempt of the April 16th Order of this Court.

The April 28th Order requested from United States Magistrate Judge William D. Wall a Report and Recommendation of what damages, fines, attorney's fees and costs, and/ or jail term should be imposed upon Gore as punishment for his contempt of the October and November Orders. To clarify, the Court wishes the Report and Recommendation to assess at this juncture appropriate punishments for each of Gore's three specific violations of the October and November Orders: to wit, Gore's solicitation of the sale of grinding media to Tape Systems, Incorporated and Bayer CropSciences, and Gore's solicitation of the purchase of grinding media from Nisuma International, Limited.[1]

The Court is mindful of the fact that further undisclosed violations of the October and November Orders may have occurred, as suggested by Gore's admission that Titon Industries was "heavily involved in grinding media" after the issuance of these Orders. To determine the extent of any such additional violations, which may be the subject of additional penalties to be imposed by the Court, or damages possibly assessed at any future trial, the Court directs that Gore comply, *forthwith*, with all obligations, *including specifically the*

*disclosure obligations*, placed upon him by the April 16th Order.[2]

Evidence of Gore's attempt to suborn perjurious testimony in this proceeding and to obstruct the performance of the Orders of this Court has already been forwarded to the United States Attorney's Office for the Eastern District of New York for possible criminal prosecution. Continued refusal by Gore and his counsel, Simon Schwarz, Esq., to obey the Orders of this Court may also subject both to further sanctions.[3]

**SO ORDERED.**

---

1. The anatomical and scatalogical references used by Gore to describe the undersigned and the Orders of the Court, while duly noted as evidence of his attitude towards both, will not enter into the computation of penalties at this time.

2. The Court also hereby authorizes the immediate release, by the Clerk of the Court, of the $100,000.00 security posted by Fox Industries at the outset of this proceeding.

3. Gore filed on May 18, 2004 an Order to Show Cause attempting to move for reconsideration of this Court's Order of April 28, 2004. This motion was untimely-Local Civil Rule 6.3 states that a notice of motion for reconsideration of a court order shall be served within ten days of the entry of the order-and will not be signed at this time by the Court.